DAVID BURCHARD
CHAPTER 13 TRUSTEE
P.O. BOX 8059
FOSTER CITY, CA 94404
(650) 345-7801 FAX (650) 345-1514
(707) 544-5500 FAX (707) 544-0475

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION

| In re: | Case No.: 10-1-2098AJ13 |
|---|---|
| AURA MARINA ALFONSO<br>12 GOLF AVENUE<br>SAN RAFAEL, CA 94903<br><br>###-##-1378<br>Debtor(s). | Chapter 13<br><br>NOTICE BY DAVID BURCHARD, CHAPTER 13<br>TRUSTEE, OF CHAPTER 13 PLAN DEFICIENCIES |

**341 MEETING OF CREDITORS:**
Date: 07/12/2010
Time: 9:00 AM
Place: Office of the United States Trustee
777 Sonoma Ave., First Floor, #116
Santa Rosa, CA 95404

**CONFIRMATION HEARING:**
Date: 08/23/2010
Time: 1:30 PM
Place: United States Bankruptcy Court
99 South E Street
Santa Rosa, CA 95404

DAVID BURCHARD, Chapter 13 Trustee in the above-entitled action, cannot recommend Confirmation of the Chapter 13 Plan proposed hereunder by Debtor(s) for the following reason(s).

1. Debtor has been sent the Chapter Thirteen Business Questionnaire on June 8, 2010 to complete. Debtor's response is due by June 22, 2010.

2. The Debtor's plan does not meet the requirements of 11 U.S.C.§1325(d), as the plan payment is insufficient to pay all secured, priority and administrative claims, and therefore, the plan is not feasible.

3. The petition contains conflicting information concerning Debtor's attorneys' fees. Paragraph 3 of the plan lists total fees due in the amount of **$6,274.00**, with **$3,274.00** already paid, and **$3,000.00** due. The Statement Pursuant to Rule 2016(B) indicates total fees in the amount of **$6,274.00**, with **$2,874.00** already paid, and **$3,400.00** due. The Trustee requests that Debtor's counsel amend the appropriate schedules so they are accurate and consistent.

4. Schedule J reflects direct mortgage payments in the amount of $5,018.26, however, Debtor's plan Paragraph 4C reflects $3,752.00. The Trustee requests clarification or that the appropriate documents be amended so they are accurate and consistent.

5. Paragraph 9 of Debtors' plan provides for future tax returns beginning with the tax year of 2011. The Trustee requests the Debtor's counsel amend the plan to provide for future tax returns beginning with the 2010 tax year.

6. Paragraph 11 of the plan indicates the lien held by Litton shall be voided. The Trustee requests that Debtor's Notice and Motion to Avoid Lien be filed and resolved prior to confirmation.

7. Schedule I lists the Debtor as self-employed, however, it fails to list the name(s) of the business(es). The Trustee requests that Debtor's counsel amend Schedule I and list this omitted information.

8. Schedule I reflects $400.00 a month received in "Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above." The Trustee requests verification of said monthly income.

9. Debtor has provided for a deduction for Transportation expense in the amount of $496.00 per month in Question 29 of Form B22C, while listing no expense for Debtor's second vehicle in the schedules. Pursuant to 11 U.S.C. Section 707(b)(2), the Debtor may only claim this deduction if they have an expense of the vehicle. The Trustee requests that Debtors' counsel amend Form B22C and omit this deduction.

10. Schedule J Line 1, Form B22C, lines 25B, 47 and 48 improperly list deductions for secured debts the Debtor's Plan seeks to avoid the lien. The Trustee requests an amended Form B22C that removes these deductions.

11. Schedule J lists business expenses totaling $2,739.06, however, the Debtor has failed to provide an attachment that itemizes business income and expenses. The Trustee requests that Debtor's counsel provide this omitted information.

12. Schedule I lists Debtor's monthly net income in the amount of **$8,580.00**, while Schedule J lists monthly expenses in the amount of **$11,382.04.** Debtor's monthly plan payments are $650.00. The Trustee questions the feasibility of the Debtor being able to make plan payments under these circumstances. 11 U.S.C.§1325(a)(6) provides that a plan cannot be confirmed if the debtor is unable to make plan payments.

13. Schedule J reflects $1,140.00 a month in food for a family of 3. The Trustee requests verification of said monthly expense.

PLEASE TAKE NOTICE that, without prior notice, at the above-referenced confirmation hearing date assigned to your Chapter 13 case, the Court may DISMISS the above-referenced case upon making a determination that Debtor(s) has/have not presented a feasible Plan, Debtor(s) has/have not made the required payments under the Plan, Debtor(s) has/have violated the statutory debt limitations set for a Chapter 13 case, Debtor(s) has/have not filed this proceeding in good faith, Debtor(s) has/have not provided documents and/or Schedules and Plan as required under the Bankruptcy code, and/or Debtor(s) has/have not provided the Trustee with Payment Advices or Declarations.

Dated: June 15, 2010   DAVID BURCHARD
                      DAVID BURCHARD, Chapter 13 Trustee

# Certificate of Mailing

I, DENIZ BRIDGMAN, the undersigned, certify that:

I am over the age of 18 years and not a party to this action. I am employed by the Trustee whose business address is 393 Vintage Park Drive, Suite #150, Foster City, CA. On the date set forth below, I served a copy of the NOTICE BY DAVID BURCHARD, CHAPTER 13 TRUSTEE, OF CHAPTER 13 PLAN DEFICIENCIES, and this Certificate of Mailing, on the persons listed below by following our ordinary business practice for service, which is either deposited in the ordinary course of business with the U.S. Postal Service by first class mail or served by electronic transmission from the Court, if applicable. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

AURA MARINA ALFONSO
12 GOLF AVENUE
SAN RAFAEL, CA 94903

JOHN A. VOS
LAW OFFICES OF JOHN A. VOS
1430 LINCOLN AVE.
SAN RAFAEL, CA 94901-0000

United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104

Dated: June 15, 2010

 DENIZ BRIDGMAN
DENIZ BRIDGMAN